IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TYRONE DAVIS                                                                PETITIONER

v.                              CIVIL No. 1:16-cv-1036

DAVID NORWOOD                                                         RESPONDENT

REPORT AND RECOMMENDATION

Now before the Court is Petitioner, **TYRONE DAVIS'S**, Motion to Dismiss Petition. ECF No. 5. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Susan O. Hickey, District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motion to Dismiss (ECF No. 5) be **GRANTED** and the Petition be **DISMISSED without prejudice**.

I. **Background**

Petitioner filed this matter as an "Emergency Petition for Writ of *Habeas Corpus*" ECF No. 1. Within a week of filing the Petition, and before the Court had taken any action, Petitioner was released from custody of the Respondent. Thereafter, Petitioner filed a Motion to Dismiss as he was no longer in custody. ECF No. 5.

II. **Discussion:**

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241(c)(3) may only be granted to a prisoner who is "in the custody in violation of the Constitution or laws of the United States. Here while Petitioner was in custody of the Respondent at the time he filed the Petition, he was released shortly thereafter. Accordingly, Petitioner is no longer entitled to *habeas corpus* relief pursuant to § 2241 and his Petition should be dismissed.

Further, as the Respondent was never ordered to respond nor did he respond, dismissal on Motion of the Petitioner, pursuant FED.R.CIV.P. 41, is appropriate. This matter should be dismissed without prejudice.

IV. <u>Conclusion:</u>

For the foregoing reasons, I recommend the above-styled case be **DISMISSED without prejudice**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED this 30th day of January 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE